# MEMORANDUM

OF

# A CASE NOT REPORTED IN FULL.

WILLIAM S. VERPLANCK AND OTHERS, EXECUTORS, ETC., OF JOHN. P. DE WENT, DECEASED, RESPONDENTS, v. ADELE DE WENT AND OTHERS, APPELLANTS.

10h  611
e 39 Mis 625

*Construction of will — advancement — when interest commences to run on.*

APPEAL from a judgment entered upon the trial of this action at the Special Term.

The action was brought to obtain the construction of a will.

The court at General Term said: "We see no reason for disturbing the judgment at Special Term. The eighth clause of the will gives to Francis A. De Went, the testator's son, one equal share or tenth part of his estate. The ninth clause charges him with an advancement of $5,000, 'to go in diminution' of his share.

The first codicil provides that Francis A. De Went having died, that said tenth part 'shall be held in trust by the executors,' and the income of 'this share' be used for the benefit of his widow and children, until they shall arrive at twenty-one, and then to pay over 'said one-tenth part' to said children as they arrive at the age of twenty-one. The intention of the testator is manifest. He desired simply to bequeath the share Francis would have received by his will, viz.: one-tenth part, less the $5,000 advancement, in trust for the benefit of his widow and children.

There is no inconsistency between the will and the codicil upon the construction given to it by the judgment below. Any other construction would be forced and unnatural, and would make an inconsistency where none exists.

The advancement, by the ninth clause of the will, is to go in·

diminution of the respective shares 'on the settlement of my estate.'

This must be held to mean, when my death and the probate of my will places my estate in a position of settlement.

The advancement bears interest from the time of the probate of the will. Unless specially directed by the will, advancements do not bear interest, during the life of the testator, from the time of the making of the advancement. But in charging the advancement, it is just as though the testator had said: 'A legatee under my will owes my estate so many dollars, and it is to be collected out of his legacy, together with interest thereon from the probate of my will.' It stands upon the same footing as any other debt due the estate; the time the debt is due being fixed as the day the will takes effect, its collection being deferred to the date of distribution of the legatee's share. It forms a portion of the assets of the estate, and the legatee receiving his share of it upon the distribution of his share.

The judgment must be affirmed."

*L. Hoyt*, for the appellants.    *C. Wheaton*, for the respondents.

Opinion by PRATT, J.

Present — BARNARD, P. J., PRATT and DYKMAN, JJ.

Order affirmed, with costs and disbursements.